IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|     Plaintiff, | ) <br> ) <br> )   Case No. 20-cv-5583 |
| v. | ) <br> )   Judge Robert M. Dow, Jr. |
| THE VILLAGE OF FRANKLIN PARK, et al., | ) <br> ) <br> ) |
|     Defendants. | ) |

**ORDER**

For the reasons stated below, Plaintiff's motion for leave to proceed by pseudonym [5] and Plaintiff's motion for entry of a protective order [6] are denied. Defendants' motion to dismiss [16] is denied without prejudice. Plaintiff is given until September 7, 2021 to file an amended complaint that contains his name. Plaintiff may wish to amend his complaint in other respects to address the issues raised in Part II.C. of this opinion. If Plaintiff does not file an amended complaint by that deadline (or any extension granted by the Court), this case will be dismissed for want of prosecution. If Plaintiff does file an amended complaint, Defendants' responsive pleading will be due 28 days after the amended complaint is filed on the docket.

**STATEMENT**

**I.    Background**

In his complaint [12], Plaintiff alleges violations of his civil rights under 42 U.S.C. §1983, 1985, 1986, and State law relating to several vehicles which were towed from private property in the Village on August 28. Plaintiff has filed a motion for leave to proceed by pseudonym [5] and a separate motion for a protective order [6] seeking an order directing Defendants to preserve his property notwithstanding provisions of state law that permit seized property to be destroyed or sold at auction after notice has been provided to the putative owner. Defendants have responded to these motions and in the same document [16] sought dismissal of the complaint. The Court granted Plaintiff additional time to reply in support of his own motions and to respond to Defendants' motion [see 22], but that deadline has long since passed.

II.     Analysis

    A.     Plaintiff's Motion to Proceed by Pseudonym

The first issue before the Court is whether to grant Plaintiff's request to proceed under a pseudonym. Plaintiff seeks to proceed in that fashion "for purposes of protecting the integrity of this cause of action as well as protecting his true identity him from further injuries, harassment, personal embarrassment, ridicule or retaliatory animus that these defendants may display upon plaintiff if his true identity is revealed and learned." [5, at 1.]

Federal Rule of Civil Procedure 10(a) requires that a complaint name all parties to the suit. The Seventh Circuit has recognized that, in general, civil and criminal proceedings are to be conducted in public. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The use of fictitious names is "disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id.*; *Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004). "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Id.* at 669. In short, proceeding under a fictitious name "is an unusual measure reserved for exceptional cases." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). Although there is no single test to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal courts, district courts in the Seventh Circuit have considered the following non-exclusive list of factors:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017).

Here, the first factor weighs in favor of Plaintiff as it is undisputed that Plaintiff is challenging governmental activity. However, each of the other factors cuts the other way. The allegations in the complaint do not involve any facts or circumstances that are remotely intimate; the subject property consists of vehicles that located in plain view of the public and the city officials and police officers who towed them. According to Defendants, one vehicle was obstructing an alleyway. There are no apparent facts in the complaint demonstrating that by revealing his identity, Plaintiff would be compelled to admit his intention to engage in criminal conduct. Notwithstanding Plaintiff's conclusory allegation that he would suffer "further injuries, harassment, personal embarrassment, ridicule or retaliatory animus" by revealing his identity, Plaintiff offers nothing concrete to support that statement. Disputes between residents of a municipality and municipal regulators are commonplace and only in the rarest of circumstances can a litigant avail himself of the public resource of the judicial system without allowing the public

to know his identity. A fight over the towing of vehicles, without some extraordinary circumstance not set out in the complaint, presents no basis for allowing the plaintiff to remain cloaked in secrecy. And the last factor strongly favors Defendants, as they will have difficulty defending the lawsuit without knowing Plaintiff's identity. Plaintiff, too, will have difficulty prosecuting this lawsuit without providing a great deal of additional information, including his identity and ownership interests. While it is true that he could provide this information under seal, the factors taken as a whole do not justify shielding his identity from the public.

### B. Plaintiff's Motion for Protective Order

Plaintiff also has sought a protective order [see 6] directing Defendants to preserve his property notwithstanding various provisions of state law that allow Defendants to sell or destroy that property after providing notice of their intentions. The list of property includes mostly used vehicles, as well a couple of snowmobile trailers. Plaintiff claims irreparable harm if the property were disposed of, as state law appears to permit, but provides no explanation for why these items have any special sentimental value or why compensation at fair market value plus interest would not be adequate in the event that the Court rules in his favor on the merits of this case. Especially with the state law overlay that allows governmental entities to avoid becoming storage agencies for disputed property and provides notice and due process prior to any disposal of such property, the Court is not persuaded that a protective order is appropriate in this case.

### C. Defendants' Motion to Dismiss

Finally, the Court offers a few comments on Defendants' motion to dismiss [16], which is denied without prejudice at this time. As an initial matter, it is possible that Plaintiff will choose not to move forward with this litigation in view of the Court's ruling that he may not proceed by pseudonym. If Plaintiff wishes to proceed, he is given until September 7, 2021 to file an amended complaint that includes his name. Second, Plaintiff's complaint appears deficient in that it does not provide sufficient information concerning his ownership interests in either the vehicles at issue or the property from which they were seized. As Defendants note, absent factual allegations of this nature, Plaintiff cannot establish his standing to maintain this lawsuit. While Defendants' motion to dismiss goes outside the allegations of the complaint without citation to authority giving a basis for considering those supplemental facts—for example, VIN numbers, registration and licensing information—Plaintiff would do well to anticipate these defenses in his amended complaint, as his lawsuit will face constant challenges at various stages of the case if the vehicles in question do not belong to him.

Dated: August 10, 2021

Robert M. Dow, Jr.
United States District Judge